IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. )
) Criminal No. 3:07cr123–HEH
ERIC WILLIAMS, )
)
Petitioner. )

# MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Eric Williams ("Petitioner"), a federal prisoner proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Government responded, arguing, *inter alia*, that Petitioner's § 2255 Motion is barred by the relevant statute of limitations. Petitioner has replied. The matter is ripe for judgment.

## I. PROCEDURAL HISTORY

On September 6, 2007, Petitioner pleaded guilty to possession of a firearm by a convicted felon. On December 7, 2007, the Court entered Petitioner's Judgment in a Criminal Case wherein the Court sentenced Petitioner to a 188-month term of imprisonment. Petitioner appealed. On July 24, 2008, the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal.

On June 4, 2010, the Court received from Petitioner a document he titled, "Notice and Demand to Dismiss for lack of any crimianl [sic] Jurisdiction What so Ever." (Dk. No. 54.) By Memorandum Order entered on July 19, 2010, the Court informed Petitioner that the Court would not take action on this submission because he failed to identify in the

submission the rule or statute that authorized the Court to review his conviction and sentence. The Court mailed Petitioner the forms for seeking relief under 28 U.S.C. § 2255.

On August 31, 2010, Petitioner executed his § 2255 Motion and placed it in the prison mail system. (§ 2255 Mot. 13.) Accordingly, the § 2255 Motion is deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

In his 28 U.S.C. § 2255 motion, Petitioner contends that he is entitled to relief because the Court lacked jurisdiction over his criminal offense.

## II. STATUTE OF LIMITATIONS FOR 28 U.S.C. § 2255 MOTIONS

All motions under 28 U.S.C. § 2255 are governed by a one-year statute of limitations. Specifically, 28 U.S.C. § 2255 reads, in pertinent part:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

2

## III. TIMELINESS OF PETITIONER'S § 2255 MOTION

Under 28 U.S.C. § 2255(f)(1), Petitioner had one year from the date his conviction became final to file a § 2255 motion with this Court. Petitioner's conviction became final on Wednesday, October 22, 2008, the last date to file a petition for a writ of certiorari with the Supreme Court of the United States. *See Clay v. United States*, 537 U.S. 522, 527–28 (2003). Therefore, Petitioner was required to file his § 2255 Motion by Thursday, October 22, 2009. Because Petitioner did not file his § 2255 Motion until August 31, 2010, the § 2255 Motion is barred by the relevant statute of limitations. Petitioner argues that the statute of limitations should be tolled because he was seriously ill.

## IV. EQUITABLE TOLLING

Only "rarely will circumstances warrant equitable tolling." *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" *Id.* (alteration in original) (quoting *Harris*, 209 F.3d at 330). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "'[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.'" *Yang v. Archuleta*, 525 F.3d

3

925, 928 (10th Cir. 2008) (alteration in original) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). As explained below, Petitioner has not demonstrated that an extraordinary circumstance prevented filing his § 2255 Motion in a timely manner. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (observing that a petitioner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances" (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999))).

> Here, Petitioner alleges,
>
> The reason that my 2255 motion wasn't on time was because, I became sick with Leukemia, and also I developed head tumors, back tumors, and abdominal tumors. After 6 mos after being sentence. I've been undergoing treatment for about two and a half years taking chemotherapy and radiation therapy. Also d[ur]ing that time I contracted a serious lung infection. I've been in a federal Medical center [since] then.

(§ 2255 Mot. ¶ 18.) In support of this argument, Petitioner submits roughly 150 pages of his medical records. The last of those medical records dates from July of 2009.

Although Petitioner has tendered a host of medical records, he fails to explain how his medical condition was so debilitating, before or after July of 2009, as to prevent him from filing his § 2255 Motion. *See Lang v. Alabama*, 179 F. App'x 650, 652 (11th Cir. 2006) (refusing to equitably toll the limitation period despite inmate's "significant health problems"). Additionally, Petitioner has made no showing that he acted with the requisite diligence. Petitioner has not tendered any specific facts relating to his efforts to pursue his 28 U.S.C. § 2255 Motion before or after July of 2009.[1]

Moreover, Petitioner has not provided any medical records which date after July of 2009. Petitioner therefore has not alleged any facts which possibly constitute extraordinary circumstances after July 2009 that prevented him from timely filing the 28 U.S.C. § 2255 Motion. Petitioner did not file the 28 U.S.C. § 2255 Motion until August 31, 2010, more than one year after the last date provided on his submitted medical records. Therefore, even if the facts in the submitted medical records were sufficient to

---

[1] The diligence detailed by the petitioner in *Holland* stands in marked contrast to Petitioner's allegations here. *See* 130 S. Ct. at 2554-59. Holland provided the courts with a detailed description of his efforts to pursue habeas relief. *Id.* From that description, the Supreme Court was able to conclude that Holland acted with sufficient diligence because:

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins–the central impediment to the pursuit of his legal remedy–removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.

*Id.* at 2565.

constitute extraordinary circumstances, Petitioner's 28 U.S.C. § 2255 Motion is still barred by the statute of limitations. 28 U.S.C. § 2255(f) (providing a one-year statute of limitations from the date a petitioner's conviction becomes final); *see, e.g., Rouse*, 339 F.3d at 248 (affirming district court's denial of equitable tolling because the defendant "simply provide[d] no reason why his medical condition barred him from filing his habeas petition" on time).

Accordingly, Petitioner is not entitled to equitable tolling. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (refusing to equitably toll limitation period where petitioner waited four months after learning of state decision before filing § 2254 petition); *Simmons v. Johnson,* No. 98-21054, 2000 WL 293959, at *1 (5th Cir. Feb. 17, 2000) (concluding that equitable tolling was not warranted where petitioner waited more than one month after receiving notice of the denial of state post conviction relief to file his § 2254 petition).

Petitioner's § 2255 Motion (Dk. No. 57) will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Petitioner has not satisfied this standard, a certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Dec 29 2011
Richmond, Virginia